Taylor Tieman (SBN 305269)
ttieman@consumerlawcenter.com
Krohn & Moss, Ltd.
200 Pier Ave, Suite 126
Hermosa Beach, CA 90254
Tel: (323) 988-2400 x 254
Fax: (866) 861-1390

Attorney for Plaintiff, DENESSA HAZZARD

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DENESSA HAZZARD,  Plaintiff,  v.  CREDIT ONE BANK, N.A. and DOES 1 THROUGH 5,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: **'19CV1011 DMS RBB**  **COMPLAINT**  **(Unlawful Debt Collection Practices)** |

DENESSA HAZZARD ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the following against CREDIT ONE BANK, N.A. ("Credit One") and DOES 1 THROUGH 5 ("Does") (collectively as "Defendants"):

**INTRODUCTION**

1. Count I of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*

///

2. Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §1788 *et seq*.

3. Count III of the Plaintiff's Complaint is based on invasion of privacy – intrusion upon seclusion.

## JURISDICTION AND VENUE

4. Jurisdiction of this court over Count I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. and §227.

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count II and Count III.

6. Defendants conduct business in the State of California thereby establishing personal jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendants transact business in this district.

## PARTIES

8. Plaintiff is a natural person residing in San Diego County, El Cajon, California.

9. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

10. Defendant Credit One is a business entity with its headquarters located at 6801 S. Cimarron Road, Las Vegas, Nevada 89113.

11. Defendants Does 1 through 5 are third party vendors unknown to Plaintiff at this time but known to Defendants Credit One that Credit One hired to place telephone calls to its customers, including Plaintiff, to collect allegedly overdue credit card payments

12. Defendants are debt collectors as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

13. Defendants each acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Defendants placed calls to telephone number (619) 760-37XX.

15. Telephone number (619) 760-37XX is assigned to Plaintiff's cellular telephone.

16. These telephone calls were in connection with an alleged credit card debt.

17. These telephone calls were not for emergency purposes.

18. The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

19. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, and based on Credit One's representations to Plaintiff, Defendants called Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.

20. On September 12, 2018 Plaintiff spoke with one of Defendants' employees and asked it to stop calling her cell phone.

21. The employee confirmed that Plaintiff would no longer be getting any phone calls.

22. After speaking with Plaintiff, Defendants knew or should have known that its calls were not wanted.

23. After speaking with Plaintiff, Defendants was not authorized to call Plaintiff's cell phone.

24. Defendants called Plaintiff's cell phone after September 12, 2018.

25. Defendants called Plaintiff's cell phone multiple, such as eight (8), times in a single day.

26. Since September 12, 2018, Defendants have placed at least 320 calls to Plaintiff's cell phone.

27. Defendants knew that it did not have Plaintiff's express consent to place these calls.

28. Defendants intended to place these calls and did so voluntarily, knowingly, and willfully.

29. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendants' unauthorized phone calls.

30. As a result of Defendants' unauthorized phone calls, Plaintiff suffered emotional distress including anxiety, stress, frustration, shame, lack of sleep, lack of concentration, and fear of answering her telephone even for important, legitimate calls from others besides Defendants.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

32. Defendants' actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Defendants' actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

35. Defendants violated the Rosenthal Act based on the following:

  a. Defendants violated the § 1788.11(d) of the Rosenthal by causing Plaintiff's

telephone to ring repeatedly or continuously to annoy the person called; and

   b. Defendants violated the §1788.17 of the Rosenthal by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Sections 1692d.

## COUNT III
## INVASION OF PRIVACY

36. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

37. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

38. Defendants interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cell phone without authorization after he instructed it to stop.

39. Defendants' conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

40. Plaintiff has suffered actual damages as a direct and proximate result of Defendants' intrusion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants for the following:

41. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

42. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

43. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices

Act, Cal. Civ. Code §1788.30(b),

44. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

45. Actual and punitive damages, to be determined at trial, for the invasion of privacy;

46. Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 30, 2019

KROHN & MOSS, LTD.

By: /s/ Taylor M. Tieman
Taylor M. Tieman
Krohn & Moss, Ltd.
200 Pier Ave, Suite 126
Hermosa Beach, CA 90254
Tel: (323) 988-2400 x 254
Fax: (866) 861-1390
ttieman@consumerlawcenter.com

Attorney for Plaintiff
DENESSA HAZZARD

PLAINTIFF'S COMPLAINT